**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Robert J. Downs III, | ) | Case No. 3:26-cv-01269-JJH |
| | ) | |
| Plaintiff, | ) | Judge Jeffrey J. Helmick |
| | ) | Magistrate Judge Darrell A. Clay |
| v. | ) | |
| | ) | |
| Exel Inc. d/b/a DHL Supply Chain (USA), | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT EXEL INC. DBA DHL SUPPLY CHAIN (USA)'S MOTION TO DISMISS THE COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Exel Inc. d/b/a DHL Supply Chain (USA) ("DHL") moves to dismiss the Complaint of *pro se* Plaintiff Robert J. Downs III ("Downs") on the ground that it fails to state a claim upon which relief may be granted. The claims under the Americans with Disabilities Act ("ADA") are time-barred, constructive discharge is not an independent cause of action, the Complaint fails to sufficiently plead a claim for interference or retaliation under the Family and Medical Leave Act ("FMLA"), and the Complaint fails to allege sufficient facts to support a plausible claim under R.C. Chapter 4112. Accordingly, the Complaint should be dismissed in its entirety.

A memorandum in support of this Motion is attached.

Respectfully submitted,

*/s/ Todd M. Seaman*

Todd M. Seaman (0090839)
Thompson Hine LLP
41 S. High St., Suite 1700
Columbus, Ohio 43215
614.469.3200
614.469.3361 facsimile
Todd.Seaman@ThompsonHine.com

and

Jzinae Jeanbaptiste (0098411)
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
216.566.5500
216.566.5800 facsimile
Jzinae.Jeanbaptiste@ThompsonHine.com

*Attorneys for Defendant*
*Exel Inc. dba DHL Supply Chain (USA)*

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION

This lawsuit arises from Downs's refusal to operate his assigned vehicle, suspension for insubordination, and subsequent resignation on the advice of his own Union representative. The six-count Complaint filed by Downs does not state a viable claim for relief. His federal claims under the ADA are time-barred: Despite receiving a Right to Sue Notice that expressly informed him of the 90-day filing deadline, Downs waited 110 days to file suit. His standalone constructive discharge claim fails as a matter of law because constructive discharge is not an independent cause of action. And his remaining claims under the FMLA and R.C. Chapter 4112 are facially deficient because the Complaint does not allege that DHL denied Downs leave, does not identify any accommodation request tied to a disability, and does not plead facts supporting even a minimal inference of causation between any protected activity and the adverse employment actions he challenges. Stripped of its conclusory labels, the Complaint reflects nothing more than a workplace dispute over vehicle safety that resulted in a voluntary, union-assisted resignation. The Complaint should be dismissed in its entirety.

## II. FACTUAL BACKGROUND[1]

Downs was hired by DHL as a Driver in December 2019. (Compl., ¶¶ 13-14.) During his employment, Downs was represented by Teamsters Local 20 (the "Union") and bound by the terms and conditions of a collective bargaining agreement. (*Id*. at ¶ 14.)

Downs alleges that he suffers from certain medical conditions connected to a motor vehicle accident and that his medical records reflect post-concussive symptoms, post-traumatic headaches, dizziness, fatigue, cognitive symptoms, cervical radiculopathy/whiplash-type symptoms, PTSD,

[1] The following facts are derived from the Complaint and assumed to be true for purposes of this Motion only.

depression, and anxiety. (*Id.* at ¶¶ 15-16.) Although he alleges that he submitted FMLA and/or medical leave paperwork to DHL's third-party administrator in March 2024 (*id.* at ¶ 17), he does not allege that any leave request was ever denied.

On or about June 12, 2024, Downs refused to operate his assigned vehicle. (*Id.* at ¶¶ 20-21.) He alleges that he believed the vehicle had certain tire-defect or safety issues that he "reported or attempted to report." (*Id.* at ¶ 23.) The following day, DHL suspended Downs for insubordination in connection with his refusal to operate the vehicle. (*Id.* at ¶¶ 28-29.)

Downs filed a Union grievance to contest his suspension. (*Id.* at ¶ 36.) He was represented by his Union steward at the grievance meeting. (*Id.* at ¶¶ 37-38.)

On June 19, 2024, Downs signed a resignation agreement. (*Id.* at ¶¶ 39-42.) He admits that he was assisted by his Union representative in connection with the resignation, that the representative advised him to sign, and that he relied on that advice in making his decision. (*Id.* at ¶¶ 37-39.)

Downs subsequently dual-filed a Charge of Discrimination with the EEOC and the Ohio Civil Rights Commission. (*Id.* at ¶¶ 9-10.) On February 12, 2026, he received a Right to Sue Notice. (*Id.* at ¶ 11.) The Right to Sue Notice plainly informed Downs that he had 90 days to sue under federal law:

> This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice**. . . . Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.

(A copy of the Right to Sue Notice is attached as Exhibit 1.)[2] Downs did not file his Complaint until June 2, 2026—110 days after receipt of the Right to Sue Notice.

[2] EEOC charges and related documents, including Right to Sue Notices, are public records that the Court may take judicial notice of when ruling on a motion to dismiss without converting the motion into one for summary judgment. *Botter v. Morning*, No. 1:18-

## III. LAW AND ARGUMENT

### A. Standard of Review.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[l]egal conclusions, 'formulaic recitation[s]' of the claim's elements, and 'naked assertion[s]' of liability are all insufficient" to state a claim for relief. *Doe v. Baum*, 903 F.3d 575, 580-81 (6th Cir. 2018) (quoting *Twombly*, 550 U.S. at 557).

Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions. *Jones v. Enter Holdings, Inc.*, No. 2:25-cv-1519, 2026 U.S. Dist. LEXIS 119106, at *8 (S.D. Ohio May 29, 2026) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). His "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### B. The ADA Claims (Counts One, Two, and Three) Are Time-Barred.

Downs's ADA claims are time-barred and should be dismissed with prejudice.[3] Downs received a Right to Sue Notice on February 12, 2026, yet he did not file suit until June 2, 2026—110 days later and well beyond the 90-day window.

---

cv-00847, 2019 U.S. Dist. LEXIS 98748, at *4 (S.D. Ohio June 11, 2019); *Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 862-63 (N.D. Ohio 2013).

[3] Paragraph 5 of the Complaint alleges that this case also arises under Title VII, but the Complaint does not assert a claim for violation of Title VII. To the extent the Complaint purports to assert a claim under Title VII, any such claim is likewise time-barred. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); *Robinette v. Promedica Pathology Lab'ys, LLC*, No. 21-3867, 2022 U.S. App. LEXIS 12523, at *2 (6th Cir. May 9, 2022).

A plaintiff seeking relief under the ADA must file suit within 90 days of receiving a Right to Sue Notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); *Spencer v. Wendy's Co*., No. 2:25-CV-173, 2025 U.S. Dist. LEXIS 233749, at *2 (S.D. Ohio Dec. 1, 2025) (quoting *McGhee v. Disney Store*, 53 F. App'x 751, 752 (6th Cir. 2002)). Federal courts have "strictly enforced" this statutory deadline, and a complaint filed even one day beyond the 90-day window is untimely absent equitable tolling. *Gibson v. Clossman Catering, LLC*, No. 1:19CV263, 2020 U.S. Dist. LEXIS 49115, at *1 (S.D. Ohio Mar. 23, 2020) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 557 (6th Cir. 2000)). The 90-day filing deadline applies with equal force to *pro se* plaintiffs. *Id.*

Downs concedes that he received the Right to Sue Notice on February 12, 2026. (Compl., ¶ 11.) Yet he waited until June 2, 2026—110 days later—to file this lawsuit. His ADA claims are therefore untimely as a matter of law.

Equitable tolling does not save Downs's claims. The Complaint merely lists potential tolling factors—seeking equitable tolling "to the extent" that "union representation issues, financial hardship, disability-related limitations, confusion about the filing period, or delayed receipt affected the filing date"—without alleging facts showing how any of those factors actually prevented him from timely filing suit. (Compl., ¶ 12.) Such conclusory assertions are insufficient to invoke equitable tolling, particularly where Downs acknowledges receiving a Right to Sue Notice that expressly informed him of the deadline. *See Rucker v. Potter*, 215 Fed. App'x 406, 408 (6th Cir. 2007) (affirming dismissal where plaintiff did not timely file suit or offer "any basis for a finding that [his case] is the type of compelling case to which application of equitable tolling is appropriate"); *McGhee v. Disney Store*, 53 F. App'x 751, 752 (6th Cir. 2002) (trial court properly

dismissed complaint where plaintiff did not file ADA claim within 90 days of receiving a right to sue notice and there was no basis for equitable tolling); *Graham-Humphreys*, 209 F.3d at 561 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day."); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("[I]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling."). Because Downs received explicit notice of the 90-day filing deadline and offers no factual allegations in support of tolling, his ADA claims are time-barred and must be dismissed with prejudice.

**C. The Constructive Discharge Claim (Count Four) Fails as a Matter of Law.**

Count Four of the Complaint purports to assert a standalone claim for constructive discharge. But constructive discharge is not an independent cause of action under Ohio or federal law; rather, it is a theory for establishing the adverse-employment-action element of a discrimination or retaliation claim where an employee resigns rather than being terminated. *Gragston v. Amazon LLC*, No. 1:25-cv-206, 2026 U.S. Dist. LEXIS 168438, at *14-15 (S.D. Ohio July 29, 2026); *Ritter v. Bd. of Educ.*, 535 F. Supp. 3d 690, 694 (N.D. Ohio); *Cox v. Hausmann*, No. 3:17-cv-02420, 2020 U.S. Dist. LEXIS 181458, at *14 n.6 (N.D. Ohio 2020) (Helmick, J.) ("Neither Ohio nor federal law recognize constructive discharge as an independent claim."). Count Four should be dismissed.

**D. The FMLA Claims (Count Six) Fail as a Matter of Law.**

The claims for FMLA interference and retaliation should be dismissed because the Complaint fails to plead sufficient facts to support either theory. The Complaint does not allege that DHL denied Downs any requested leave, nor does it plead factual allegations establishing a causal connection between the exercise of FMLA rights and any adverse employment action.

1. <u>The Complaint does not plausibly allege an FMLA interference claim.</u>

The interference claim fails because the Complaint does not allege that DHL wrongfully denied Downs FMLA leave. To state a viable interference claim, a plaintiff must allege "1) the FMLA applies to him and his employer, 2) the employee was entitled to FMLA leave, 3) the employee notified his employer that he intended to take the leave, and that 4) the employer wrongfully denied the employee the FMLA leave." *Alexander v. Kellogg USA, Inc.*, 674 F. App'x 496, 500 (6th Cir. 2017); *Ragsdale v. Wolverine World Wide, Inc.*, 632 F. App'x 829, 832 (6th Cir. 2015).

Here, the Complaint merely alleges that Downs submitted FMLA paperwork to DHL's third-party administrator in or around March 2024. (Compl., ¶ 17.) Because the Complaint does not allege that DHL denied Downs any FMLA benefits to which he was entitled, the Complaint fails to state a claim for FMLA interference. *Lowrey v. RK Admin. Servs.*, No. 2:21-cv-5573, 2022 U.S. Dist. LEXIS 119498, at *14-15 (S.D. Ohio July 6, 2022) (dismissing FMLA interference claim where plaintiff failed to allege that his employer denied him any requested leave); *Baldwin-Kaba v. InfoCision, Inc.*, No. 5:18-cv-2478, 2019 U.S. Dist. LEXIS 38679, at *7-10 (N.D. Ohio Mar. 11, 2019) (similar); *Denton v. Fairfield Med. Ctr.*, No. 2:11-cv-0716, 2012 U.S. Dist. LEXIS 87983, at *8 (S.D. Ohio Jun. 26, 2012) ("The allegations in the Amended Complaint simply fail to contain any factual assertion that she was denied FMLA benefits. Accordingly, Plaintiff has failed to state a claim for interference under the FMLA[.]"). The FMLA interference claim should be dismissed.

2. <u>The Complaint does not plausibly allege an FMLA retaliation claim.</u>

The Complaint similarly fails to plead a viable FMLA retaliation claim. "To establish a prima facie case for FMLA retaliation, an employee must show 1) he was carrying out an activity protected by the FMLA, 2) his employer knew he was exercising his rights under the FMLA, 3)

the employer took adverse action against the employee, and 4) a causal link between the protected activity and adverse action." *Alexander*, 674 F. App'x at 501 (citing *Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012)). "Temporal proximity alone suffices to make a prima facie showing of causation only if the protected activity and the adverse employment action are 'very close in time.'" *Mickey v. Zeidler Tool & Die Co*., 516 F.3d 516, 525 (6th Cir. 2008); *see also Stein v. Atlas Indus., Inc.*, 730 F. App'x 313, 319 (6th Cir. 2018) (collecting cases and finding that the Sixth Circuit draws the line for temporal proximity alone satisfying causation at just "shy of the ten-week mark").

Here, the Complaint lacks any factual allegations establishing a causal link between Downs's exercise of FMLA rights and an adverse employment action. The Complaint does not allege that Downs was on leave or had requested leave at the time he refused to operate his assigned vehicle. Nor does it identify any date on which Downs actually took FMLA leave. Instead, the Complaint alleges only that Downs submitted FMLA paperwork through DHL's third-party administrator in or around March 2024—approximately three months before he was suspended for refusing to operate his assigned vehicle, and well beyond the temporal-proximity window the Sixth Circuit has recognized. Standing alone, the Complaint's conclusory allegation that DHL "retaliated against Plaintiff concerning protected medical leave, medical treatment, or health-condition-related absences and limitations" (*id.* at ¶ 84) is insufficient to create an inference of causation. *See, e.g.*, *Denton*, 2012 U.S. Dist. LEXIS 87983, at *9-11 (dismissing FMLA retaliation claim where complaint alleged no facts related to plaintiff's termination other than the allegations that she was terminated three weeks after returning from FMLA leave and reasoning that "[w]ithout more than a temporal link between the exercise of a right and termination of employment, Plaintiff fails to plausibly allege the requisite causal connection"); *see also Love v. CCBCC, Inc.*, No. 3:25-

cv-443, 2026 U.S. Dist. LEXIS 77104, at *10-12 (S.D. Ohio Apr. 7, 2026) (finding that plaintiff did "nothing to allege a causal connection between his exercise of protected FMLA rights and adverse employment action" and reasoning that "only in the rarest of cases, where an employer has immediately retaliated against an employee, will temporal proximity alone adequately establish a causal connection"). Count Six should be dismissed.

**E. The R.C. Chapter 4112 Claims (Count Five) Fail as a Matter of Law.**

Downs's state law claims for retaliation, failure to accommodate, and disability discrimination fare no better and are each insufficiently pled.

1. The Complaint fails to plausibly allege a retaliation claim.

Ohio law makes it unlawful for an employer to discriminate against a person who has "opposed any unlawful discriminatory practice" or "made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code." R.C. 4112.02(I). To state a viable retaliation claim, a plaintiff must show (1) he engaged in protected activity, (2) the defendant was aware that the plaintiff engaged in that activity, (3) the defendant took an adverse employment action against the plaintiff, and (4) there is a causal connection between the protected activity and adverse employment action. *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 327 (2007). Downs's retaliation claim fails on its face because the Complaint does not plausibly allege that he engaged in any protected activity.

The Complaint alleges that Downs purportedly engaged in protected activity by requesting an accommodation, filing a union grievance, and raising safety concerns.[4] But requesting an accommodation does not constitute protected activity under R.C. 4112. *La Fond v. NetJets Inc.*,

[4] The Complaint also alleges that Downs engaged in protected activity by filing a discrimination charge. (Compl., ¶ 19.) But filing a discrimination charge cannot give rise to a retaliation claim because the charge was filed after any adverse employment action that Downs challenges.

No. 2:17-cv-526, 2018 U.S. Dist. LEXIS 155117, at *15 (S.D. Ohio Sept. 12, 2018); *Hall v. Crawford Cnty. Job & Family Servs.*, 188 N.E.3d 1138, 1149-50 (Ohio Ct. App. 2022); *Musil v. Gerken Materials, Inc.*, 2020-Ohio-3548, ¶ 20 (Ohio Ct. App. 2020). Nor does filing a union grievance constitute protected activity when the grievance is not based on opposition to discrimination. *Motley v. Ohio Civ. Rights Comm'n*, 2008-Ohio-2306, *15-16 (Ohio Ct. App. 2008) (collecting cases); *Ksiazek v. Columbiana Cnty. Port Auth.*, 171 N.E.3d 394, 411-12 (Ohio Ct. App. 2021). Similarly, general workplace complaints or disputes over safety conditions do not constitute protected activity for purposes of a retaliation claim. *Heyden v. Morton Salt, Inc.*, No. 5:13CV1706, 2015 U.S. Dist. LEXIS 37792, at *18 (N.D. Ohio Mar. 25, 2015); *see also Balding-Margolis v. Cleveland Arcade*, 352 F. App'x 35, 45 (6th Cir. 2009); *Willoughby v. Allstate Ins. Co.*, 104 F. App'x 528, 531 (6th Cir. 2004). Because the Complaint does not allege that Downs engaged in activity protected under R.C. Chapter 4112, the retaliation claim should be dismissed.

2. The Complaint fails to plausibly allege a failure-to-accommodate claim.

To state a viable failure-to-accommodate claim, a plaintiff must plausibly allege that: (1) he is disabled; (2) he is otherwise qualified for the position, with or without reasonable accommodation; (3) his employer knew or had reason to know about his disability; (4) he requested an accommodation; and (5) the employer failed to provide the necessary accommodation. *Deister v. Auto Club Ins. Ass'n*, 647 F. App'x 652, 657 (6th Cir. 2016); *see also Nilles v. Givaudan Flavors Corp.*, 521 F. App'x 364, 367-68 (6th Cir. 2013) (state law claim evaluated under same standards as ADA claim).

As an initial matter, the Complaint does not adequately allege that Downs was a qualified individual able to perform the essential functions of his position with or without a reasonable accommodation. Although the Complaint alleges that Downs suffered from various health conditions related to a car accident (Compl., ¶¶ 15-16), it does not identify the essential functions

of his job as a Driver or explain how he could perform those functions with an accommodation. To the contrary, the Complaint's own allegations suggest that Downs simply believed his assigned vehicle was unsafe and that he therefore declined to operate it. (*Id.* at ¶¶ 20-25.) Absent factual allegations explaining how any requested accommodation would have enabled him to perform the job's essential duties, the Complaint does not plausibly allege that Downs was qualified within the meaning of the ADA. *Fountain v. Cerreto Inc.*, No. 26-1014-JWB-BGS, 2026 U.S. Dist. LEXIS 85231, at *12-13 (D. Kan. Feb. 3, 2026) (finding that *pro se* plaintiff failed to plausibly allege that he was qualified where the complaint alleged that plaintiff suffered from various health conditions and that his assigned vehicle was unsafe but failed to allege how any requested accommodation would have enabled him to perform the essential job duties of a truck driver).

Even setting aside the failure to adequately plead that Downs was a qualified individual, the Complaint fails to plausibly allege that Downs requested a reasonable accommodation tied to any medical condition. "An employer's duty to make reasonable accommodations for an employee with a disability does not arise until after the employee makes a request for an accommodation." *Dunn v. GOJO Indus.*, 96 N.E.3d 870, 878 (Ohio Ct. App. 2017); *see also Anderson v. Bright Horizons Children's Ctrs., LLC*, 2022-Ohio-1031, *69 (Ohio Ct. App. 2022) ("When an employee does not propose a reasonable accommodation, his or her failure-to-accommodate claim must fail."). "Although the notice or request does not have to be in writing, be made by the employee, or formally invoke the words 'reasonable accommodation,' it nonetheless must make clear that the employee wants assistance *for his or her disability*." *Dinse v. Carlisle Foodservice Prods.*, 541 F. App'x 885, 889 (10th Cir. 2013) (emphasis in original).

Here, the Complaint alleges that Downs complained about the condition of his assigned vehicle and refused to operate it due to purported tire-defect and safety-related concerns. (Compl.,

¶¶ 20-27.) But the Complaint does not identify any specific accommodation proposal tied to his alleged disability. At most, the allegations reflect a workplace dispute over vehicle safety and Downs's dissatisfaction with his working conditions—not a request for disability-related assistance. Such allegations are insufficient to state a failure-to-accommodate claim. *See Fountain*, 2026 U.S. Dist. LEXIS 85231, at *13-14 (dismissing *pro se* plaintiff's failure-to-accommodate claim based upon complaints regarding unsafe and hazardous condition of plaintiff's assigned truck and reasoning that "[a]lthough plaintiff alleges that he complained about the condition of the truck and requested time off, the pleadings do not identify a specific accommodation proposal tied to a disability"); *Garrett v. Cape Fox Facilities Servs.*, No. 1:19-cv-579, 2020 U.S. Dist. LEXIS 8883, at *19-22 (E.D. Va. Jan. 17, 2020) (dismissing *pro se* plaintiff's failure-to-accommodate claim where plaintiff did not allege facts demonstrating that her request put her employer on notice that she needed the accommodation "for her disability"). The failure-to-accommodate claim under Ohio law should be dismissed.

3. <u>The Complaint does not plausibly allege a discrimination claim.</u>

The Complaint fails to allege sufficient facts to support a plausible inference of disability discrimination. To establish a disability discrimination claim under Ohio law, a plaintiff must show that: (1) he was disabled; (2) his employer took adverse employment action against him that was caused, at least in part, by his disability; and (3) despite the disability, he could safely and substantially perform the essential functions of his job. *Peterson v. UH Reg'l Hosps.*, No. 1:15-CV-2670, 2017 U.S. Dist. LEXIS 32458, at *15 (N.D. Ohio Mar. 6, 2017); *see also Dixon v. Exel, Inc.*, No. 2:24-cv-1891, 2026 U.S. Dist. LEXIS 43252, at *29-30 (S.D. Ohio Mar. 3, 2026). Dismissal is appropriate when "allegations regarding discrimination [are] so conclusory that no plausible claim could be inferred." *Masaebi v. Arby's Corp.,* 852 F. App'x 903, 909 (6th Cir. 2021); *see also Nedlina v. Branch*, No. 1:24-CV-2071, 2025 U.S. Dist. LEXIS 152948, at *12-14

(N.D. Ohio Aug. 8, 2025). In making such a determination, the court shall "not accept conclusions of law or unwarranted inferences of fact cast in [the] form of factual allegations." *Han v. Univ. of Dayton*, 541 F. App'x 622, 625 (6th Cir. 2013) (citing *Twombly*, 550 U.S. at 555). A plaintiff "bears the burden of alleging facts that plausibly suggest a causal connection between his protected status and the adverse employment action." *Mustafa v. Ford Motor Co.*, No. 24-1763, U.S. App. LEXIS 25001, at *9 (6th Cir. Sept. 24, 2025).

Here, the Complaint fails to plead facts supporting a plausible inference of disability discrimination. The Complaint merely alleges that Downs "has disabilities" and that "Defendant discriminated against Plaintiff because of [his] disability." (Compl., ¶¶ 15, 79.) Beyond those bare and conclusory assertions, the Complaint pleads no facts showing that Downs's alleged disability played any role in the adverse employment actions he challenges. The Complaint fails to allege minimally sufficient facts that, if taken as true, would indicate discrimination was a reason Downs suffered any adverse employment action. *See Vam. v. Univ. of Dayton*, No. 3:25-cv-263, 2026 U.S. Dist. LEXIS 47863, at *10-14 (S.D. Ohio Mar. 9, 2026) (dismissing discrimination claims for failure to adequately plead facts supporting a plausible inference of discrimination); *Nedlina* at *13-14 (similar). The disability discrimination claim under Ohio law should be dismissed.

### F. The Court Should Decline Supplemental Jurisdiction Over Any Surviving State-Law Claims.

Because all of Downs's claims are either time-barred or insufficiently pled, the Complaint should be dismissed in its entirety. However, if the Court dismisses Downs's federal claims but finds that any state law claims survive, the Court should decline to exercise supplemental jurisdiction over those state-law claims. *See Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("After a 12(b)(6) dismissal, there is a strong presumption in favor of

dismissing supplemental claims.”). Accordingly, to the extent any of Downs’s state-law claims survive, the Court should dismiss those claims without prejudice.

## IV. CONCLUSION

For the foregoing reasons, DHL respectfully requests that the Court dismiss the Complaint in its entirety.

Respectfully submitted,

*/s/ Todd M. Seaman*

Todd M. Seaman (0090839)
Thompson Hine LLP
41 S. High St., Suite 1700
Columbus, Ohio 43215
614.469.3200
614.469.3361 facsimile
Todd.Seaman@ThompsonHine.com

and

Jzinae Jeanbaptiste (0098411)
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
216.566.5500
216.566.5800 facsimile
Jzinae.Jeanbaptiste@ThompsonHine.com

*Attorneys for Defendant*
*Exel Inc. dba DHL Supply Chain (USA)*

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(f), the undersigned hereby certifies that this case has not been assigned a certain track, and the foregoing document complies with the page limitations set forth in Local Rule 7.1(f).

*/s/ Todd M. Seaman*
*One of the Attorneys for Defendant*
*Exel Inc. dba DHL Supply Chain (USA)*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served the foregoing by regular U.S. Mail upon the following:

Robert J. Downs III
3126 Enright Street
Toledo, Ohio 43608

*/s/ Todd M. Seaman*
*One of the Attorneys for Defendant*
*Exel Inc. dba DHL Supply Chain (USA)*